PESCAY, DEMANDANTE Y APELADO, *v.* FERNÁNDEZ, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre rescisión de contrato
e indemnización de daños y perjuicios.

No. 1994.—Resuelto en junio 5, 1919.

DESESTIMACIÓN DE APELACIÓN — ALEGATO DEL APELANTE RADICADO FUERA DE
TIEMPO.—No procede desestimar una apelación por el fundamento de que
el apelante dejara de radicar en tiempo su alegato, cuando si bien ello es
así, también lo es que el alegato quedó radicado antes de pedirse la deses-
timación.

DAÑOS Y PERJUICIOS—ALEGACIÓN DE DAÑOS—EXCEPCIÓN PREVIA A LA DEMANDA.—
Si los hechos alegados autorizan al demandante aunque sea a recobrar da-
ños nominales, no procede una excepción general a la demanda por más
que no se aleguen daños especiales. Si los hechos que se imputan al de-
mandado son tales que puede deducirse como una consecuencia natural y
necesaria de ellos el perjuicio del demandante, una alegación de daños ge-
nerales es suficiente, y la falta de alegar daños especiales no sujeta la
alegación a un ataque por medio de excepción previa.

ID.—ESPECIFICACIÓN DE LOS DAÑOS Y PERJUICIOS—EXCEPCIÓN PREVIA.—Si la de-
manda expresa los hechos relativos al daño que se causa y en la misma se
hace una reclamación general de los daños y perjuicios sin especificación
de su naturaleza o sin particularizarlos, no cabe formular contra ella la
excepción previa general de que no aduce hechos suficientes para determinar
una causa de acción. Si el demandado desea que se haga una especifica-
ción mayor de cualquier elemento constitutivo de daño, puede obtenerla en
debida forma si, a juicio de la corte, para formular su contestación o pro-
bar su caso, tiene derecho a ello.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Enrique Rincón.*
Abogado del apelado: *Sr. Miguel Guerra.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
búnal.

Simón Pescay estableció una demanda contra Cándido
Fernández sobre rescisión de contrato e indemnización de
daños y perjuicios. El demandado alegó la excepción ge-
neral de que la demanda no aducía hechos suficientes para
determinar una causa de acción. La corte declaró la excep-
ción sin lugar y concedió al demandado diez días para con-
testar la demanda. El demandado no contestó y pidió que

se dictara sentencia, y así lo hizo la corte. Apeló entonces el demandado y dejó transcurrir el término reglamentario sin presentar su alegato. Después de transcurrido dicho término, archivó el alegato, y señalado día para la vista del recurso, faltó en comparecer. El demandante estuvo presente en el acto de la vista y solicitó que el recurso fuera desestimado por no haberse presentado el alegato en tiempo, y si a ello no hubiere lugar, que fuera el caso estudiado en su fondo y confirmada la sentencia recurrida.

1. No procede la desestimación del recurso por el motivo invocado, porque si bien el alegato no se presentó dentro del término reglamentario, se archivó antes de la solicitud del apelado, circunstancia que constituye una contestación eficaz a la solicitud, aplicando el principio consignado en la regla 58 del Reglamento de este Tribunal. Véase también la regla 62 que establece que todas las mociones ó solicitudes en que se interese la desestimación de una apelación, deben hacerse antes de la vista.

2. Sostiene la parte apelante en su alegato que la corte de distrito erró al declarar sin lugar su excepción previa porque levantada por ésta la cuestión de que en la demanda no se especificaba en qué consistían las pérdidas sufridas por el demandante por cada uno de los diferentes actos imputados al demandado, y siendo ello en verdad así, el demandado no venía obligado a contestarla. Esa es la única cuestión envuelta, según el propio demandado y apelante, en el recurso.

Hemos examinado la demanda y en ella se consignan con toda claridad los hechos determinantes de la rescisión y los productores de los daños y perjuicios. La cantidad que como indemnización se reclama se calcula en globo. No vemos que la corte errara al actuar en la forma en que lo hizo.

"Si los hechos alegados," dice Cyc, "autorizan al demandante aunque sea a recobrar daños nominales, no procede una

excepción general a la demanda por más que no se aleguen daños especiales. Si los hechos que se imputan al deman-dado son tales que puede deducirse como una consecuencia natural y necesaria de ellos el perjuicio del demandante, una alegación de daños generales es suficiente, y la falta de ale-gar especiales no sujeta la alegación a un ataque por medio de excepción previa''. 31 Cyc. 109.

Una cuestión de igual naturaleza se estudió cuidadosá-mente por esta corte en el caso de *Torres* v. *Ramírez*, 22 D. P. R. 450. Después de revisar las autoridades, el Juez Sr. Wolf, hablando por la corte, se expresó así:

''De las anteriores consideraciones se desprende que si una de-manda expresa los hechos relativos al daño que se causa y en ella se hace una reclamación general de los daños y perjuicios sin espe-cificación de su naturaleza o sin particularizar los mismos, dicha demanda no puede ser excepcionada. Si el demandante desea probar daños especiales en el juicio, así como la pérdida de reputación, negocio, etc., tiene que alegarlos. Si el demandado desea que se haga una especificación mayor de cualquier elemento constitutivo de daño, puede obtenerla en debida forma si a discreción de la corte, para formular su contestación o probar su caso él tiene derecho a ello. Las cortes proceden con cuidado al exigir al demandante que especifique los daños sin que el demandado acredite suficientemente la razón que hay para ello. En casos como el presente raramente se exige mayor especificación.'' 22 D. P. R. 454.

Debe confirmarse la sentencia recurrida.

> *Declarado sin lugar el recurso y confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-ciados Wolf, Aldrey y Hutchison.